UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:11-CV-00055-JHM

RUTH JEAN LEWIS  et al.                                                        PLAINTIFFS

V.

CERALVO HOLDINGS, LLC et al.                                      DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

      This matter is before the Court on Defendants Ceralvo Holdings, LLC ("Ceralvo") and

Armstrong Coal Company, Inc.'s ("Armstrong") Motion to Dismiss [DN 6].  Fully briefed, this

matter is ripe for decision.

**I. BACKGROUND**

      Plaintiffs are the owners of certain real property located in Ohio County, Kentucky.  (Compl.

¶ 14.)  In 1977, Plaintiffs or their successors in interest entered into a Coal Lease Agreement (the

"Lease") with Peabody Coal Company.  (<u>Id.</u> at ¶ 15.)  The Lease granted Peabody Coal and its

successors or assigns the "right and privilege to conduct mining operations on the demised premises

. . . and . . . continuous right of ingress and egress to and from the demised premises . . . for the

purpose of mining, removing, transporting, and processing coal from the demised or adjoining

premises."  (Compl., Ex. 2 Coal Lease Agreement 7.)

      Defendant Ceralvo is Peabody Coal's successor in interest under the Lease.  (Compl. ¶ 17.)

According to the Complaint, Defendant Armstrong is Defendant Ceralvo's agent "with respect to

the mining and transportation of coal on, over, across, through, or under the demised premises on

behalf of and under the authority of Defendant Ceralvo."  (<u>Id.</u> at ¶ 18.)  Plaintiffs allege that

Defendants are currently engaged in transporting "coal on, over, across, through, or under the

demised premises owned by Plaintiffs and subject to the Lease Agreement from foreign lands that are not adjoining the demised premises," in violation of the lease.  (Id. at ¶ 21.)

Plaintiffs filed suit in Ohio County, Kentucky Circuit Court on April 25, 2011, alleging claims against both Defendants for breach of contract, trespass, unjust enrichment, injunctive relief, punitive damages, and to quiet title.  Defendants removed the action to this Court on the basis of diversity jurisdiction on May 17, 2011.  Defendants have now filed a motion to dismiss the Complaint for failure to state a claim.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct."  Id. at 1949, 1950.  Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'"  Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling

upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim ... [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id. (quotation omitted).

### III. DISCUSSION

**A. Breach of Contract**

Defendants have moved to dismiss the breach of contract claim against Defendant Armstrong arguing that Defendant Armstrong is not a party to the contract. In their response, Plaintiffs concede that the Complaint does not create a claim for breach of contract against Defendant Armstrong and that this claim should be dismissed as to Defendant Armstrong. (Pls.' Resp. to Defs.' Mot. to Dismiss 17, 21 [DN 7].) Therefore, the Court **GRANTS** Defendants' motion and dismisses the breach of contract claim against Defendant Armstrong.

**B. Economic Loss Rule**

Defendants next contend that Plaintiffs' claim for trespass is barred by the economic loss rule. Although the economic loss rule has been applied to cases involving Kentucky law on multiple occasions, it was only recently formally adopted by the Kentucky Supreme Court in Giddings & Lewis, Inc. v. Indus. Risk Ins., 348 S.W.3d 729 (Ky. 2011). "Generally speaking, the rule 'prohibits purchasers of products from recovering purely economic damages under most tort theories.'" Grace

v. Armstrong Coal Co., Inc., 2009 WL 366239, at *4 (W.D. Ky. Feb. 13, 2009) (quoting HDM Flugservice GmbH v. Parker Hannifin Corp., 332 F.3d 1025, 1028 (6th Cir. 2003)).  As Judge Heyburn has explained, "[v]irtually every classic description of the economic loss rule pertains to and often limits its application to the sale of products [in order to] . . . preserve the distinction between the remedies available under the U.C.C. and those available in tort."  Louisville Gas and Elec. Co. v. Cont'l Field Sys., Inc., 420 F. Supp. 2d 764, 769 (W.D. Ky. 2005).  While the Kentucky Supreme Court formally adopted the rule as "applie[d] to claims arising from a defective product sold in a commercial transaction," Giddings, 348 S.W.3d at 733, it did not address the rule's application to other contractual situations.  However, "federal courts charged with the task of applying Kentucky law have predicted that Kentucky courts would limit the application of the economic loss rule to products liability cases, business purchases cases, and construction cases." Brewer Mach. & Conveyor Mfg. Co. v. Old National Bank, 248 F.R.D. 478, 481-82 (W.D. Ky. 2008) (collecting cases).

Defendants contend that Plaintiffs' trespass claim is barred by the economic loss rule as Plaintiffs have already asserted a breach of contract claim based on the same conduct.  Essentially Defendants are requesting the Court to expand the economic loss rule and apply it to a mineral lease contract.  In Louisville Gas and Electric Company v. Continental Field Systems, Inc., the defendants argued that the economic loss rule should be extended to services contracts.  420 F. Supp. 2d at 768. In determining whether such an expansion of the rule should be allowed, Judge Heyburn noted the "conceptual difficulty of applying the economic loss rule to services."  Id. at 769.  He found that the cases addressing the economic loss rule in Kentucky attempted to "preserve the distinction between the remedies available under the U.C.C. and those available in tort[, but] [s]uch a distinction would

4

be immaterial here because the U.C.C. does not govern services." <u>Id.</u> Judge Heyburn also found that it would be difficult to limit the rule to purely economic loss when applied to a services contract. <u>Id.</u> Ultimately, Judge Heyburn found nothing to suggest that Kentucky courts were likely to expand the economic loss rule in such a fashion. <u>Id.</u>

As for the instant case, Kentucky courts have given no indication that they would extend the economic loss rule to mineral lease contracts. While the Kentucky Supreme Court has formally adopted the rule in <u>Giddings</u>, the holding of that case was limited to "claims arising from a defective product sold in a commercial transaction." <u>Giddings</u>, 348 S.W.3d at 733. In its discussion of the rule, the Kentucky Supreme Court found that the rule "recognizes that economic losses, in essence, deprive the purchaser of the benefit of his bargain and that such losses are best addressed by the parties' contract and relevant provisions of Article 2 of the Uniform Commercial Code." <u>Id.</u> at 738.

The Court finds that, much like services contracts, application of the economic loss rule to mineral leases does not advance or protect the interests of the rule that were identified in <u>Louisville Gas</u> and <u>Giddings</u>. First, the U.C.C. as adopted by Kentucky, does not apply to leases of mineral rights. <u>See</u> K.R.S. §§ 355.2A-102, 355.2A-103(h), (j). Therefore, the U.C.C. would not govern the breach of such a lease. Also, much like services contracts, it would be difficult to restrict application of the rule only to economic losses born of the contract and not damage to other property. Furthermore, at least one other court has found that the Kentucky Supreme Court is unlikely to expand the rule and apply it to a contract for the drilling of natural gas. <u>See Pioneer Res. Corp. v. Nami Res. Co., LLC</u>, 2006 WL 1778318, at * 6-7 (E.D. Ky. June 26, 2006). These issues make it unlikely that the economic loss rule would be applied by the Kentucky Supreme Court to mineral leases like the one in the instant case. <u>See Id.</u>; <u>see also</u> <u>Grace v. Armstrong Coal Co., Inc.</u>, 2009

5

WL 366239, at *4 (W.D. Ky. Feb. 13, 2009) (finding that the economic loss rule does not apply to employment contracts); <u>Brewer</u>, 248 F.R.D. at 481 (W.D. Ky. 2008) (refusing to apply the economic loss rule to the account contract between Plaintiff and its bank). Accordingly, the Court **DENIES** Defendants' motion to dismiss based upon the economic loss rule.[1]

## C. Trespass

Defendants next argue that Plaintiffs' claim for trespass should be dismissed because it fails to state a claim upon which relief can be granted. "Generally, a trespass occurs when a person enters or remains upon real property in possession of another without the possessor's consent." <u>Rumell v.Barden & Robeson Corp.</u>, 2007 WL 5277890, at *4 (Ky. Ct. App. Dec. 7, 2007). "Kentucky law allows recovery under trespass in either of three instances: (1) the defendant was engaged in an extra-hazardous activity, (2) the defendant committed an intentional trespass or (3) the defendant committed a negligent trespass." <u>Rockwell Int'l Corp. v. Wilhite</u>, 143 S.W.3d 604, 619 (Ky. Ct. App. 2003). In the instant case the Court need only address the intentional and negligent theories of trespass. The Court will address the negligent theory first.

Kentucky follows the Restatement (Second) of Torts § 165 for the elements of negligent trespass. <u>Id.</u> "The Restatement requires three basic elements for a negligent trespass: (1) the defendant must have breached its duty of due care (negligence); (2) the defendant caused a thing to enter the land of the plaintiff and (3) the thing's presence causes harm to the land." <u>Id.</u> at 620 (citing <u>Mercer v. Rockwell Int'l Corp.</u>, 24 F. Supp. 2d 735 (W.D. Ky. 1998)). Defendants contend that Plaintiffs have failed to allege actual harm to their property, because the Complaint only states that

---

[1] Furthermore, the Court notes that even if the economic loss rule were to apply, it could not bar tort claims against Defendant Armstrong, because as Defendants have pointed out, Defendant Armstrong is not a party to the mineral lease contract.

"Plaintiffs have been damaged in an amount in excess of the jurisdictional limits of this Court."
(Compl. ¶ 29.) Defendants argue that this conclusory thread-bare statement is insufficient under
Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009) to support the damages element. The Court agrees.
Plaintiffs' allegation of damages does not contain "sufficient factual matter, accepted as true, 'to
state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550
U.S. 544, 555 (2007)). Accordingly, the Court finds that Plaintiffs' Complaint fails to state a claim
for negligent trespass under Kentucky law.

Defendants next argue that Plaintiffs have also failed to state a claim for intentional trespass.
Under Kentucky law, "'[a]ny intended intrusion or encroachment which is not privileged is
actionable without regard for the shortness of the period of the interference, or the absence of
pecuniary harm.'" Smith v. Carbide and Chem. Corp., 226 S.W.3d 52, 54 (Ky. 2007) (quoting 6–A
American Law of Property § 28.1 (A.J. Casner ed. 1954)). While negligent trespass requires a
showing of harm, intentional trespass is actionable regardless of such a showing, although damages
may only be nominal. Id. at 55.

Defendants contend that they were on the demised premises under color of title and,
therefore, they cannot be liable for willful trespass. In support of this proposition, Defendants cite
Seals v. Amburgey, 2009 WL 3531641, at *6 (Ky. Ct. App. Oct. 30, 2009). The Court finds this
argument unpersuasive. The trespass alleged in Seals was for cutting down timber on the land of
another in violation of K.R.S. § 364.130(1). Seals, 2009 WL 3531641, at *4. Kentucky law
specifically addresses such a trespass and provides that the plaintiff in such an action shall receive
triple damages unless the trespasser cut down the timber with color of title. K.R.S. § 364.130(1).
As such, the court in Seals was not attempting to determine whether a trespass had occurred, but was

7

instead attempting to determine the appropriate measure of damages under K.R.S. § 364.130. <u>Seals</u>, 2009 WL 3531641, at *4. The instant suit does not involve trespass to timber or K.R.S. § 364.130, therefore, the color of title analysis identified in <u>Seals</u> does not apply. Furthermore, that language is only necessary to determine the appropriate measure of damages and not whether a trespass did in fact occur. Accordingly, Defendants' argument based on color of title and <u>Seals</u> is not well taken.

Defendants' final argument is that Plaintiffs' trespass claim is really a breach of contract claim in tort clothing that should be dismissed because it is based on the same duty created by the contract. In support of this argument, Defendants cite <u>Consol. Rail Corp. v. Grand Trunk Western R.R. Co.</u>, 2009 WL 3460334 (E.D. Mich. Oct. 22, 2009). In <u>Consolidated Rail</u>, the Plaintiff/Counter-Defendant, Consolidated Rail, had a contract with the Defendant/Counter-Plaintiff, Grand Trunk, that allowed Consolidated Rail to cross Grand Trunk's railroad tracks to service a specific customer. However, Consolidated Rail exceeded the bounds of that contract and crossed Grand Trunk's railroad tracks to service a different customer. When Grand Trunk discovered this, it refused to allow Consolidated Rail to cross its railroad tracks to service the new customer. Consolidated Rail filed suit against Grand Trunk, and Grand Trunk counter-claimed alleging breach of contract, and several torts including trespass and unjust enrichment.

Applying Michigan law, the court in <u>Consolidated Rail</u> found that "where a contract exists, a tort claim may only be maintained on the basis of a legal duty that is 'separate and distinct from the contractual obligation.'" <u>Id.</u> (quoting <u>Rinaldo's Constr. Corp. v. Michigan Bell Tel. Co.</u>, 559 N.W.2d 647, 657-58 (Mich. 1997)). The court dismissed the trespass claim because it was not based on a separate and distinct legal duty but instead, "arose solely out of the contractual relationship between the parties and not from any independent legal obligations supporting a cause of action in

8

tort." Id. at *8 (internal quotation marks omitted).

While Consolidated Rail applied the "separate and distinct" duty test found in Michigan law, the Court's own research reveals that a form of this test has been applied by the Kentucky Court of Appeals.  In Mims v. Western-Southern Agency, Inc., 226 S.W.3d 833, 836 (Ky. Ct. App. 2007), the court adopted the position of the District Court of the District of Columbia and found that

> The failure to perform a contractual obligation typically does not give rise to a cause of action in tort. . . . However, if a plaintiff can establish the existence of an independent legal duty, he may maintain an action in tort even though the acts complained of also constitute a breach of contract.

Id. (quoting Jones v. Hartford Life and Accident Ins. Co., 443 F. Supp. 2d 3, 5 (D.D.C. 2006)).  The court in Mims applied the independent legal duty test to determine if there was a valid negligence action in light of a breach of contract claim.  The test has also been applied to claims of conversion. See First Const., LLC v. Gravelroad Entm't, LLC, 2008 WL 2038878, at *5 (E.D. Ky. May 12, 2008); Francis v. Nami Res. Co., LLC, 2008 WL 852047, at *13-14 (E.D. Ky. Mar. 28, 2008).

The Court sees no reason why the test articulated in Mims should not be applied to the trespass claim in the instant suit.  Plaintiffs have alleged a breach of contract claim against Defendants contending that they have exceeded the scope of the contract by transporting coal from non-adjacent land over the Plaintiffs' property. (Compl. ¶ 21.)  Plaintiffs have also alleged that the Defendants' actions in transporting the coal from non-adjacent lands was undertaken without permission, consent, license, or legal right to do so and constitutes a trespass.  (Id. at ¶ 26-27.) Much like Consolidated Rail, Plaintiffs have essentially argued that the Defendants' conduct exceeds the contract, thus creating a trespass.  The Court finds that such a claim is born from Defendant Ceralvo's failure to accurately perform the contract, and is not based on the existence of an independent legal duty.  What Plaintiffs are really seeking are damages against Defendant

Ceralvo for that breach of contract.  Therefore, the trespass claim against Defendant Ceralvo must be dismissed.  See Hatton v. Falcon Coal Co., 734 S.W.2d 806, 807-08 (Ky. Ct. App. 1986) (finding that breach of contract and not trespass was the appropriate claim, for statute-of-limitations purposes, when defendant in a mineral lease exceeded the contract by cutting down timber).

However, Plaintiffs and Defendants agree that only Defendant Ceralvo is party to the contract and that Defendant Armstrong is not, and never was, a party to the contract.  Accordingly, Plaintiffs have voluntarily dismissed the breach of contract claim against Defendant Armstrong.  As Defendant Armstrong is not subject to the contract and its articulated duties, it cannot be said that the trespass claim alleged against it is born from a contractual duty.  Therefore, the trespass claim against Defendant Armstrong should remain.  See Consolidated Rail, 2009 WL 3460334, at *7 (finding the contract at issue did not apply to Consolidated Rail's co-counter-defendant, therefore the torts alleged against the co-counter-defendant were based on duties separate and distinct from any contractual duties and should not be dismissed).

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss the trespass claim.  It is **GRANTED** as to Defendant Ceralvo, but is **DENIED** as to Defendant Armstrong.

**C. Unjust Enrichment**

Defendants argue that Plaintiffs' claim for unjust enrichment should be dismissed because "a plaintiff cannot recover under a theory of breach of contract and a theory of unjust enrichment when each theory is based on the same subject matter."  (Defs.' Mem. Support of Mot. Dismiss 17.) Defendants acknowledge that a plaintiff is entitled to plead alternative and inconsistent theories of recovery under Fed. R. Civ. P. 8(d)(3), but contends that under Shane v. Bunzl Distribution USA,

Inc., 200 F. App'x 397, 404 (6th Cir. 2006) an unjust enrichment claim must be dismissed "where there is an explicit contract which has been performed." Shane, 200 F. App'x at 404 (quoting Codell Constr. Co. v. Ky., 566 S.W.2d 161, 165 (Ky. Ct. App. 1977)).

However, as Plaintiffs point out, this argument has been made before and rejected in Holley Performance Products, Inc. v. Keystone Automotive Operations, Inc., 2009 WL 3614735, at *4 (W.D. Ky. Oct. 29, 2009).  Unlike the case in Shane, which had advanced to such a stage that the court was able to determine whether the contract at issue was valid and enforceable, the court in Holley found that the contract's validity and enforceability could not yet be determined. Id. at *4-6. Therefore, the court found that "at this early stage of litigation, it is proper for Keystone to allege both its claim for breach of contract and unjust enrichment." Id. at *6.

The Court agrees with the holding in Holley and finds that at this early stage of litigation, it is unclear whether the contract is valid and enforceable, therefore, Plaintiffs are permitted to plead both a breach of contract and an unjust enrichment claim under Fed. R. Civ. P. 8(d)(3). Accordingly, the Court **DENIES** Defendants' motion to dismiss the unjust enrichment claim.

**D. Injunctive Relief**

Defendants have moved to dismiss Count IV of Plaintiffs' Complaint which seeks to enjoin Defendants from transporting coal from non-adjoining lands across Plaintiffs' property.  Defendants argue that this is a claim for injunctive relief which has not been adequately pled.   Regardless of how Plaintiffs have labeled their request for an injunction, it is not a free standing claim, it is a form of relief that can be requested.  See Overstreet v. Lexington-Fayette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002) ("A preliminary injunction is an extraordinary *remedy*[.]") (emphasis added).  As such, the Plaintiffs' request for an injunction must be pled according to Fed. R. Civ. P.

8(a)(3), which requires only "a demand for relief sought," not the more stringent standard of Fed. R. Civ. P. 8(a)(2).  The Court finds that Plaintiffs have satisfied their pleading requirements under the federal rules and requested injunctive relief.  Accordingly, the Court **DENIES** Defendants' motion to dismiss the request for injunctive relief.

### E. Punitive Damages

Defendants next seek to dismiss Plaintiffs' claim for punitive damages.  Defendants argue that punitive damages cannot be awarded for a breach of contract and are only appropriate in connection with Plaintiffs' trespass claim.  Defendants contend that because the trespass claim should be dismissed that the punitive damages claim should also be dismissed.

It is true that under Kentucky law, "[i]n no case shall punitive damages be awarded for breach of contract."  K.R.S. § 411.184(4).  Therefore, the punitive damages claim can only survive if the trespass claim survives.  The Court has dismissed the trespass claim, but only as against Defendant Ceralvo.  Because the trespass claim against Defendant Armstrong has survived, so too does the Plaintiffs' claim of punitive damages against Defendant Armstrong.  Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss the punitive damages. It is **GRANTED** as to Defendant Ceralvo, but is **DENIED** as to Defendant Armstrong.

### F. Declaratory Judgment to Quiet Title

Defendants lastly seek to dismiss Plaintiffs' claim to quiet title to the coal haulroad arguing that Plaintiffs have failed to join a necessary party as required by Fed. R. Civ. P. 19.  Defendants argue that certain Peabody Affiliates claiming to possess an ownership interest in the coal haulroad have not been joined.  Defendants contend that Plaintiffs' failure to join these parties requires dismissal of the quiet title claim.

Fed. R. Civ. P. 19 "establishes guidelines for determining when it is proper to dismiss a case because a person or entity has an interest in the outcome of the litigation that could be impaired in the absence of that person or entity, but joinder of the person or entity will deprive the court of subject matter jurisdiction." Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 664 (6th Cir. 2004). "Assessing whether joinder is proper under Rule 19 is a three-step process." Id. at 666. First the court must determine if the non-party is a necessary party to the action under Rule 19(a). Id. Next, if the court finds that the party is necessary then it must determine if joinder of that party is feasible–will joinder of the party destroy the court's jurisdiction to hear and determine the case. Id. Finally, if the court finds that joinder is not feasible then it "must analyze the Rule 19(b) factors to determine whether [it] should 'in equity and good conscience' dismiss the case because the absentee is indispensable." Id.

Under the Rule 19 analysis, the movant must first satisfy the threshold requirement of showing the necessity of the missing party before the Court can address the second or third step. See Id. (First, the court *must* determine whether the person or entity is a necessary party under Rule 19(a).) (emphasis added); see also Temple v. Synthes Corp. Ltd., 498 U.S. 5, 8 (1990) (finding that the necessity analysis of Rule 19(a) is a threshold requirement); Kar Kraft Eng'g v. Shelby, 2007 WL 1544397, at *2 (E.D. Mich. May 25, 2007) ("[A] joinder analysis does not reach the factors under Rule 19(b) if the court first determines that the party seeking to be joined is not a necessary party.")

Although not articulated by Defendants, the rule under which they are seeking dismissal of the quiet title claim is Fed. R. Civ. P. 12(b)(7). As such, the moving party bears the burden of demonstrating the necessity of the missing party under Rule 19(a). Citizen Band Potawatomi Indian

13

Tribe of Okla. V. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994); Russian Collections Ltd. v. Melamid, 2009 WL 4016493, at *2 (S.D. Ohio Nov. 18, 2009).  The moving party may satisfy this burden through the production of affidavits or other relevant extra-pleading evidence.  Citizen Band Potawatomi, 17 F.3d at 1293.

Plaintiffs' Complaint alleges that "Plaintiffs hold legal title in fee simple absolute and are the owners in possession of the coal haul roads that have been constructed by Defendants or their predecessors in interest[.]" (Compl. ¶ 41.)  Defendants contend that there are several entities that are necessary parties because they have an interest related to the ownership of the coal haulroad and disposition of the quiet title claim without them would impair or impede their ability to protect that interest.  In support of this statement, Defendants have attached an Amended and Restated Non-Exclusive Haulroad Easement Agreement ("Haulroad Agreement") which was filed in the Ohio County, Kentucky Clerk's Office.[2]  (See Defs.' Mot. Dismiss, Ex. 1.)

The Haulroad Agreement lists Beaver Dam Coal Company, Ohio County Coal Company, LLC, Grand Eagle Mining, Inc., and Central States Coal Reserves of Kentucky, LLC as the owners of "certain surface tracts of real estate; certain easements and easement rights over surface tracts of third parties" as well as "of a certain existing 200 foot (200') wide coal haulroad known as "Walton Creek Haulroad" running from the West Fork Surface Mine to the Matanzas-Equality County Road and overlying the above mentioned tracts, easements, and areas of easement rights[.]" (Haulroad Agreement 2.)  The agreement further states that the owners grant to Western Land Company, LLC

_____

[2] It appears to the Court that the amended agreement was filed due to the attachment of an incorrect map in the original agreement, and that the terms of both agreements are the same.  See (Haulroad Agreement 2 ("[T]he parties hereto desire to amend and restate the aforesaid Non-Exclusive Haulroad Easement Agreement to include a corrected Exhibit B map, upon the same terms and conditions hereinafter set forth.").)

14

and its designees, which includes Defendant Ceralvo, a perpetual non-exclusive easement over the haulroad.  (Id.)

The Court finds that Defendants have carried their burden and demonstrated the absence of a necessary party, or as it looks, necessary parties.  The Haulroad Agreement states that the grantors, Beaver Dam Coal Company, Ohio County Coal Company, LLC, Grand Eagle Mining, Inc., and Central States Coal Reserves of Kentucky, LLC, are the owners of the haulroad.  Clearly these grantors have claimed an interest relating to the subject of this action, quieting title to the coal haulroad that runs over Plaintiffs' real property.  Furthermore, determining the merits of the Plaintiffs' quiet title claim without the grantors would impair or impede their ability to protect that interest.  Therefore, the Court finds that the grantors identified in the Haulroad Agreement are necessary parties.

Having made that determination, the Court must now determine whether joinder of the grantors to the current action is feasible and if it is then it must order the grantors to be joined.  Fed. R. Civ. P. 19(a)(1).  The feasibility of the joinder is dependant on an analysis of the grantors' effect on the Court's diversity subject matter jurisdiction.  If the addition of the grantors would destroy diversity jurisdiction, then joinder is not feasible and the Court would need to determine if the grantors are indispensable.  However, the parties have completely failed to address either of these steps in their respective briefs.  This failing precludes the Court from fully determining whether the necessary parties are able to be joined to this action under Rule 19.  Accordingly, the Court **RESERVES** the determination of this issue and orders that Defendants submit additional briefing addressing the feasibility and dispensability of the grantors to this action **NO LATER THAN TEN (10) DAYS** from the entry of this order.  Plaintiffs are ordered to respond **NO LATER THAN**

**SEVEN (7) DAYS** from the filing of Defendants' supplemental brief.  No Reply will be permitted.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants Ceralvo Holdings, LLC ("Ceralvo") and Armstrong Coal Company, Inc.'s ("Armstrong") Motion to Dismiss [DN 6] is **GRANTED IN PART**, **DENIED IN PART**, and **RESERVED IN PART**.  The Defendants' motion is **GRANTED** as to the breach of contract claim against Defendant Armstrong and the trespass and punitive damages claims against Defendant Ceralvo.  The motion is **RESERVED** as to the quiet title claim, and is **DENIED** as to all other aspects.

cc: counsel of record